UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANN BURTON,

                Plaintiff,

-against-

SILVERCREST CENTER FOR NURSING
AND REHABILITATION; MARIE
MITCHELL; DARLENE WEITZMAN,

                Defendants
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-2757 (SLT)(LB)

**TOWNES, United States District Judge:**

      Plaintiff Ann Burton, a nurse, brings this action against one of her former employers, Silvercrest Center for Nursing and Rehabilitation ("Silvercrest") and two of its employees, principally alleging that these defendants retaliated against her for filing charges against them with the U.S. Equal Employment Opportunity Commission ("EEOC") and commencing an action against them. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the reasons stated below, the individual defendants are dismissed from this action. This action, which is construed as raising only Title VII retaliations claims, will continue against Silvercrest.

### *BACKGROUND*

      This is the second action brought by plaintiff against Silvercrest; its Vice President of Nursing Services, Marie Mitchell; and its Assistant Director of Human Resources, Darlene Weitzman. In the first action – *Burton v. Silvercrest Center for Nursing and Rehabilitation*, E.D.N.Y. Docket Number 11-CV-1417 – plaintiff principally alleged that Silvercrest had violated Title VII of the Civil Rights Act of 1964 by terminating plaintiff. However, the complaint in that action also alleged that defendants had retaliated against plaintiff for bringing a charge with the EEOC by, among other things, contesting plaintiff's entitlement to



unemployment benefits and filing a complaint with the New York State Department of Education which accused plaintiff of professional misconduct. No dispositive motions have yet been filed in the first action, which remains pending before this Court.

The complaint in this action – which is dated May 31, 2011, and was filed with this Court on June 6, 2011 – alleges further acts of retaliation. Specifically, plaintiff alleges that defendants engaged in "computer hacking" and invaded plaintiff's residence to pilfer evidence relating to Case No. 11-CV-1417. Plaintiff's complaint does not elaborate on the alleged computer hacking or state precisely when it occurred. However, the complaint identifies various documents that were allegedly stolen, including "all patient care notes from October 2004 - 2007," Complaint at 6, ¶ 6; all of plaintiff's "March 21, 2010 hire date, patient care notes from employment notebook for said date," *id.* at 6, ¶ 7; "several pages of documentary evidence from plaintiff's notebooks detailing computer hacking," *id.* at 6, ¶ 8; and "plaintiff's Orientation 'Fall Assessment' protocol document," *id.* at 7, ¶ 10. The complaint specifically alleges that plaintiff first noticed that her property had been stolen on May 27, 2011. *Id.* at 6, ¶ 6.

Although the complaint alleges that this Court has federal question jurisdiction, the portion of the complaint which purports to set forth the "Basis for Jurisdiction" does not cite to any provisions of the United States Constitution or to any federal statutes. However, this section states that defendants violated unspecified "Constitutional rights," "treated similarly situated defendants who did not engage in protected activity differently . . . than plaintiff," and retaliated against plaintiff for "filing an EEOC Complaint" and for exercising "rights . . . guaranteed under the U.S. Constitution, including the 1st and 4th Amendments." *Id.* at 4. Moreover, while the complaint specifically alleges that plaintiff filed an EEOC charge on July 9, 2010, and was issued a right-to-sue notice on December 20, 2010 – several months before plaintiff commenced No.

11-CV-1417 – the complaint does not suggest, or attach any exhibits indicating, that plaintiff filed an EEOC charge or obtained a right-to-sue letter relating to the retaliation alleged in the instant action.

The complaint principally seeks "monetary compensation in the sum of $75,000,000." *Id.* at 9, ¶ 3. In addition, the complaint, which alleges that defendants engaged in the computer hacking and theft to "conceal the truth," justify plaintiff's termination and "hinder plaintiff's civil rights," *id.* at 6, ¶ 9, seeks "assistance . . . in obtaining an Order of Protection" and "sanctions against defendants who wilfully initiated unlawful tactics against plaintiff to impede the judicial process." *Id.* at 8, ¶ 1.

## *DISCUSSION*

### *Standard of Review*

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Title 28, Section 1915(e)(2)(B) of the United States Code, however, requires a district court to dismiss an action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

3

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

*Subject-matter Jurisdiction*

Section II of plaintiff's complaint suggests three possible bases for subject-matter jurisdiction. First, the complaint alleges that defendants have "wilfully and intentionally violated Plaintiff[']s Constitutional rights," but does not specifically identify which federal Constitutional or statutory right has been violated by defendants. Complaint at 3. Second, the complaint alludes to a violation of the Equal Protection Clause, alleging that defendants "treated similarly situated defendants who did not engage in protected activity differently . . . than plaintiff." *Id.* at 4. Third, plaintiff's pleading states that defendants retaliated against plaintiff for filing an EEOC complaint and exercising her rights under the federal Constitution. *Id.* at 3-4.

The first two are not valid bases for subject-matter jurisdiction in this case. To be sure, the Fourth Amendment, to which plaintiff refers in her complaint, protects "[t]he right of the people to be secure in their . . . houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend IV. However, "one of the settled principles of our Constitution has been that [the first ten] Amendments protect only against invasion of civil liberties by the Government whose conduct they alone limit." *Feldman v. United States*, 322 U.S. 487, 490 (1944) (citing cases). Since plaintiff does not allege that any government official, agent or action was involved in the unlawful actions alleged in this case, there is no Fourth

4

Amendment violation which could give rise to federal question jurisdiction. *See Sciolino v. Marine Midland Bank-Western*, 463 F.Supp. 128, 131 (W.D.N.Y. 1979).[1]

Similarly, although plaintiff's complaint refers to "similarly situated employees," nothing in the complaint suggests that there is any basis for an equal protection claim. The Equal Protection Clause "requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). The defendants named in this action are a corporation and two private individuals, not a government agency or government employees.

The third basis for subject-matter jurisdiction suggests two theories: First Amendment retaliation and Title VII retaliation. The elements of a First Amendment retaliation claim depend on the factual context of the underlying allegations. *See Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008); *see also Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (setting forth the elements of a First Amendment retaliation claims brought by prisoner against prison officials); *Johnson v. Ganim*, 342 F.3d 105, 112 (2d Cir. 2003) (describing the elements where a public employee alleges First Amendment retaliation by his or her employer); *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) (setting forth the elements required where a private citizen alleges First Amendment retaliation on the part of a public official). This Court sees no need to describe the elements of the various types of First Amendment retaliation claims,

---

[1] While defendants' alleged actions do not violate the Fourth Amendment, those actions may constitute crimes under New York law. However, those crimes cannot be prosecuted in the course of this action and this Court cannot impose criminal sanctions upon the defendants herein. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). If plaintiff wishes to press charges against defendants or to obtain an order of protection, she should contact her local precinct or the District Attorney of Queens County.

however, since the facts alleged by plaintiff do not suggest any basis for a First Amendment retaliation claim in this case.

In contrast, the facts suggest that plaintiff may be able to state a Title VII retaliation claim, though not against defendants Mitchell and Weitzman. Title VII's anti-retaliation provision, which is codified at 42 U.S.C. § 2000e-3(a), prohibits retaliation by an employer, employment agency, or joint labor-management committee. Individuals, even those with supervisory control over a plaintiff, cannot be liable for discrimination or retaliation under Title VII. *Viera v. Olsten/Kimberly Quality Care*, 63 F. Supp. 2d 413, 419 (S.D.N.Y. 1999) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)); *see, e.g.*, *Suarez v. New York City Dept. of Human Resources Admin.*, No. 09 Civ. 8417 (WHP), 2011 WL 1405041, at *6 (S.D.N.Y. Mar. 24, 2011) (dismissing a Title VII retaliation claims against individuals).

Plaintiff may be able to bring a Title VII retaliation claim against Silvercrest, her former employer, but the allegations in plaintiff's complaint suggest that plaintiff may have failed to satisfy the prerequisites for commencing a Title VII action in this Court. As the Second Circuit Court of Appeals explained in *McPherson v. New York City Dept. of Educ.*, 457 F.3d 211 (2d Cir. 2006):

> A private plaintiff under Title VII must satisfy two conditions
> before commencing suit in federal court. First, the complainant
> must file timely administrative charges with the EEOC. . . .
> Second, the complainant must await dismissal of the administrative
> charge (or a failure to act).

*Id.* at 213. While the complaint implies that plaintiff filed an EEOC charge against Silvercrest shortly after her termination and received a right-to-sue notice on December 20, 2010, it is unlikely that this charge encompassed any of the retaliation alleged in this action. The complaint does not state when plaintiff first discovered the alleged "computer hacking," but specifically alleges that plaintiff did not notice the thefts until Friday, May 27, 2011. Furthermore, since May

6

30, 2011, was a holiday, it is highly unlikely that plaintiff filed an EEOC charge relating to the thefts and received a right-to-sue letter relating to that charge prior to drafting the complaint in this action on May 31, 2011.

The requirement that a plaintiff obtain a right-to-sue letter from the EEOC before commencing a federal suit under Title VII is a statutory prerequisite, rather than a jurisdictional one. *See Benardo v. American Idol Productions, Inc.*, No. 10 Civ. 6487 (CM)(HBP), 2010 WL 4968177, at *2 (S.D.N.Y. Dec. 6, 2010). Accordingly, this Court has subject-matter jurisdiction over this action regardless of whether plaintiff exhausted her administrative remedies. Moreover, even though this action is brought against the exact same defendants named in No. 11-CV-1417, this Court notes that the retaliation claims in this action differ from those raised in the prior action. Therefore, this Court will not dismiss this action as duplicative of No. 11-CV-1417, but will direct service of the instant complaint, with a view to consolidating the two actions after service is effectuated.

## *CONCLUSION*

For the reasons set forth above, this action is construed as raising only Title VII retaliation claims. Since individuals cannot be liable for retaliation under Title VII, defendants Marie Mitchell and Darlene Weitzman are dismissed from this action. *See, e.g, Viera*, 63 F. Supp. 2d 413, 419 (S.D.N.Y. 1999); *Suarez*, 2011 WL 1405041, at *6 .

The Clerk of Court is directed to issue a summons for the remaining defendant – Silvercrest Center for Nursing and Rehabilitation – and the United States Marshals Service is directed to serve the summons and complaint upon this defendant without prepayment of fees. However, the only relief plaintiff may seek from Silvercrest is money damages, since this Court cannot impose criminal sanctions or issue an order of protection in this civil action. The Court

certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: November 10, 2011
Brooklyn, New York