UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANN BURTON,

Plaintiff,

- against -

11-CV-2757

(SLT) (LB)

SILVERCREST CENTER FOR NURSING
AND REHABILITATION; MARIE
MITCHELL; DARLENE WEITZMAN,

Defendants.

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

**NIXON PEABODY LLP**

50 Jericho Quadrangle, Suite 300
Jericho, New York 11530
(516) 832-7500

*Attorneys for Defendant Silvercrest Center
for Nursing and Rehabilitation*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

BACKGROUND ......................................................................................................1

APPLICABLE STANDARDS ..................................................................................3

ARGUMENT

      POINT I

           PLAINTIFF HAS FAILED TO EXHAUST HER
           ADMINISTRATIVE REMEDIES ..................................................................6

      POINT II

           THE COMPLAINT OTHERWISE WAS NOT TIMELY FILED...................8

      POINT III

           THE ENTIRE LITIGATION IS BARRED BY THE
           DOCTRINE OF RES JUDICATA ..................................................................9

      POINT IV

           CLAIMS REGARDING THE OPD COMPLAINT ARE ALSO
           BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL ..............13

      POINT V

           THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT
           TO STATE A CAUSE OF ACTION...............................................................15

      POINT VI

           PLAINTIFF HAS FAILED TO ALLEGE THE ELEMENTS
           NECESSARY TO PLEAD A TITLE VII RETALIATION
           CLAIM..........................................................................................................16

CONCLUSION.........................................................................................................18

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

5-Star Mgmt., Inc., v. Rogers,
    940 F. Supp. 512 (E.D.N.Y. 1996) ...............................................................................3

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009).................................................................................5, 6, 16

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..............................................................................5, 6, 15, 16

Birnbaum v. Bank of America,
    2009 WL 8599404 (S.D.N.Y. Feb. 17, 2009) (S.D.N.Y. Feb. 17, 2009) ................................3

Butts v. City of New York Dep't of Hous. Pres. & Dev.,
    990 F.2d 1397 (2d Cir.1993), superseded by statute on other grounds,
    Civ. Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071. .............................................6, 8

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)........................................................................................3, 4

Ciezkowska v. Grayline New York,
    2001 WL 1131990 (S.D.N.Y. Sept. 24, 2001)...........................................................11, 12, 13

Clark County Sch. Dist. v. Breeden,
    532 U.S. 268 (2001)................................................................................................18

Concey v. N.Y.S. Unified Court Sys.,
    2011 WL 4549386 (S.D.N.Y. Sept. 30, 2011).........................................................................9

Cosgrove v. Sears, Roebuck & Co.,
    9 F.3d 1033 (2d Cir. 1993)........................................................................................18

Deravin v. Kerik,
    335 F.3d 195 (2d Cir. 2003).......................................................................................6

Distasio v. Perkin Elmer Corp.,
    157 F.3d 55 (2d Cir. 1998)........................................................................................17

Gray v. City of N.Y.,
    2011 WL 6153635 (E.D.N.Y. Dec. 12, 2011) ......................................................................18

Gray v. City of New York,
　　2012 WL 947802 (E.D.N.Y. Mar. 20, 2012) ...................................................................4, 7

Greenberg v. Board of Governors of the Fed. Reserve Sys.,
　　968 F.2d 164 (2d Cir. 1992) ...........................................................................................10

Guerra v. Jones,
　　2011 WL 1592028 (2d Cir. Apr. 28, 2011) ......................................................................9

Harris v. Mills,
　　572 F.3d 66 (2d Cir. 2009) ...............................................................................................5

Hollander v. Am. Cyanamid Co.,
　　895 F.2d 80 (2d Cir.1990) ..............................................................................................17

Klein v. City of N.Y.,
　　2011 WL 5248169 (S.D.N.Y. Oct. 28, 2011) ....................................................12, 14, 15

Kuck v. Danaher,
　　600 F.3d 159 (2d Cir. 2010) .............................................................................................5

Legnani v. Alitalia Linee Aeree Italiane, S.P.A,
　　274 F.3d 683 (2d Cir. 2001) .............................................................................................6

Lightfoot v. Union Carbide Corp.,
　　110 F.3d 898 (2d Cir.1997) ............................................................................................18

Maharaj v. Bankamerica Corp.,
　　128 F.3d 94 (2d Cir. 1997) .............................................................................................10

Marvel Characters, Inc. v. Simon,
　　310 F.3d 280 (2d Cir.2002) ............................................................................................13

McCarthy v. Dun & Bradstreet Corp.,
　　482 F.3d 184 (2d Cir. 2007) .............................................................................................3

Mudholkar v. Univ. of Rochester,
　　2008 WL 213888 (2d Cir. Jan. 25, 2008) .........................................................................7

Muhammad v. N.Y.C. Transit Auth.,
　　450 F. Supp.2d 198 (E.D.N.Y. 2006) ...............................................................................5

Nassar v. Isthmian Lines,
　　331 F.2d 124 (2d Cir. 1964) ...........................................................................................11

Ortiz v. City of N.Y.,
　　755 F. Supp.2d 399 (E.D.N.Y. 2010) .............................................................................15

iii

Pension Benefit Guar. Corp. v. White Consol. Indus.,
    998 F.2d 1192 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994)..........................................4

Pitts v. Onondaga Cty. Sheriff's Dep't,
    2009 WL 3165551 (N.D.N.Y. Sept. 29, 2009) .........................................................................12

Purdy v. Zeldes,
    337 F.3d 253 (2d Cir.2003)......................................................................................................13

Rothman v. Gregor,
    220 F.3d 981 (2d Cir. 2000).................................................................................................3, 5

Ruston v. Town Bd. for The Town of Skaneateles,
    610 F.3d 55 (2d Cir. 2010)..................................................................................................5, 15

Sheffield v. Sheriff of the Rockland Cty. Sheriff Dep't,
    2010 WL 3669628 (2d Cir. Sept. 22, 2010) ......................................................................10, 12

Sherlock v. Montefiore Med. Ctr.,
    84 F.3d 522 (2d Cir.1996)..........................................................................................................9

Snyder v. Yonkers Pub. Sch. Dist.,
    315 F. Supp.2d 499 (S.D.N.Y. 2004)...............................................................................10, 12

Ximines v. George Wingate High Sch.,
    516 F.3d 156 (2d Cir. 2008).......................................................................................................7

**FEDERAL STATUTES**

42 U.S.C. § 2000e-5(1)......................................................................................................................7

42 U.S.C. § 2000e-5(3)......................................................................................................................7

42 U.S.C. §§ 2000e-5(e)(1)................................................................................................................7

42 U.S.C. § 2000e–5(f)(1) .................................................................................................................9

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ................................................ passim

## PRELIMINARY STATEMENT

Defendant Silvercrest Center for Nursing and Rehabilitation ("Defendant") submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint ("Complaint") of plaintiff Ann Burton ("Plaintiff") in its entirety and with prejudice, for failure to state any viable cause of action. At the outset, the Complaint must be dismissed because Plaintiff has failed to comply with the mandatory prerequisites for filing suit. In addition, the Complaint was filed long after the statute of limitations had passed and thus is untimely.

Even if these fatal deficiencies were not present, the Complaint is wholly barred by the doctrine of res judicata, as all of the claims in the Complaint could have been brought in a prior related litigation among the same parties upon which a judgment has already been issued. Moreover, certain of those claims are further barred by the doctrine of collateral estoppel, having earlier been dismissed by this Court in another action. Finally, Plaintiff's claims, all of which sound in retaliation, lack the temporal proximity necessary to state a viable cause of action.

## BACKGROUND

On May 31, 2011, Plaintiff, a former employee of Defendant Silvercrest Center for Nursing and Rehabilitation ("Defendant") and a nurse, filed the Complaint against Defendant, Marie Mitchell ("Mitchell") and Darlene Weitzman ("Weitzman"). This is the second lawsuit Plaintiff has filed against Defendant, Mitchell and Weitzman; in the first action ("Burton I"), Plaintiff alleged that Silvercrest, Mitchell and Weitzman discriminated against her based on her race, color, national origin, age and disability, in terminating her employment with Silvercrest and retaliated against her for her July 9, 2010 filing of a charge with the Equal Employment Opportunity Commission ("EEOC Charge"), by, among other things, filing a complaint against her with the New York State Department of Education Office of Professional Discipline (the

"OPD Complaint") (See complaint in Burton I, 11-CV-1417, Docket Entry # 1 at ¶ 9). By Order dated April 9, 2012, this Court dismissed Burton I in its entirety pursuant Fed. R. Civ. P. 37(b)(2)(A)(v) due to Plaintiff's repeated refusals to comply with the orders of this Court as to discovery, including this Court's Order that she complete her deposition. (See 11-CV-1417, Docket Entry # 78).

In the present action, Plaintiff alleges that these same parties, again in retaliation for her filing of the July 9, 2010 EEOC charge, treated her differently than similarly situated employees of Defendant who exercised unspecified rights, invaded her home on a daily basis and in doing so stole documents relating to her employment with Defendant and her prosecution of Burton I and hacked into her computer on a daily basis. (Complaint, ¶¶ II (B) (1)-(4); III (4)-(10). She also repeats her claim that Defendant, Mitchell and Weitzman filed the OPD complaint in retaliation for Plaintiff's filing of the July 9, 2010 EEOC charge. (Complaint, ¶ III (5). At the same time, Plaintiff claims that all of these alleged wrongs – which she alleges also violated her rights under the First and Fourteenth Amendments to the United States Constitution – have also been committed by her former employer the Department of Veterans Affairs and individuals associated with that agency, whom she is suing in a different action pending in this Court. (See 11-CV-5318 Docket Entry # 54).

By order dated November 10, 2011, granting Plaintiff's application for in forma pauperis status in part, this Court dismissed all claims against Mitchell and Weitzman, noted the lack of subject matter jurisdiction as to Plaintiff's First and Fourth Amendment claims and any Equal Protection claim that may have been stated and construed the Complaint to allege only claims of retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. On January 18, 2012, Defendant sought permission to move to dismiss the Complaint in its entirety (Docket

Entry # 14).  On April 11, 2012, this Court issued a scheduling order regarding that motion (Docket Entry # 19).

## APPLICABLE STANDARDS

In considering a motion to dismiss for failure to state a claim, a court may consider the factual allegations in the complaint and any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits.  See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  Where a document is not incorporated by reference, however, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect, which renders the document 'integral' to the complaint."  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal citation omitted).  A court may also take judicial notice of matters of public record such as pleadings from prior lawsuits, without converting the motion to one for summary judgment.  See Rothman v. Gregor, 220 F.3d 981, 92 (2d Cir. 2000) (taking judicial notice of a complaint in another case attached to a plaintiff's opposition to a motion to dismiss); 5-Star Mgmt., Inc., v. Rogers, 940 F. Supp. 512, 518 (E.D.N.Y. 1996) (taking judicial notice of pleadings attached to defendants' motion to dismiss).  "The underlying concern that leads to excluding extraneous documents is that a plaintiff must have notice of all documents relied upon by a defendant in a motion to dismiss."  Birnbaum v. Bank of America, 2009 WL 8599404 at *4 (S.D.N.Y. Feb. 17, 2009) (S.D.N.Y. Feb. 17, 2009) at *11 (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)).

Accordingly, where, as here, a "plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a *Rule 12(b)(6)* motion into one under *Rule 56* is largely dissipated."  Chambers, 282

- 3 -

F.3d at 153 (italics in original) (citing Cortec, 949 F.2d at 48); see also Pension Benefit Guar.

Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir. 1993), cert. denied, 510 U.S. 1042

(1994) (if a court does not consider a dispositive document, "a plaintiff with a legally deficient

claim could survive a motion to dismiss simply by failing to attach [the] document"). Thus, a

court can consider "documents attached to the complaint as an exhibit or incorporated in it by

reference, … matters of which judicial notice may be taken, or … documents either in plaintiff's

possession or of which Plaintiff had knowledge and relied on in bringing suit." Gray v. City of

New York, 2012 WL 947802 at *9 (E.D.N.Y. Mar. 20, 2012) (citing Brass v. American Film

Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993)).

       In making this motion, Defendant submits Plaintiff's July 9, 2010 EEOC charge, as

referenced in the Complaint, and a memorandum of law drafted by Plaintiff and filed with this

Court in a litigation she instituted against the Department of Veterans Affairs and related

individuals, in support of her application for an order to show cause why a preliminary injunction

should not issue against the defendants in that case.  Plaintiff relies heavily on the EEOC charge

in framing her claims in this case, but has failed to attach a copy of that charge to her the

Complaint, while the memorandum of law is a document about which Plaintiff has knowledge

and of which this Court may take judicial notice.  As Plaintiff had knowledge of the contents of

this charge and memorandum of law and thus had notice of their existence and contents, the

Court may consider the charge and the memorandum of law on this motion without converting

the motion to one for summary judgment.  See Rothman, 220 F.3d at 92 (taking judicial notice of

a complaint filed in state court); Muhammad v. New York City Transit Auth., 450 F. Supp.2d

198, 204 (E.D.N.Y. 2006) (collecting cases) ("Courts in this Circuit have repeatedly held that

- 4 -

when EEOC charges are expressly referred to in the pleading, they may be considered incorporated by reference.")

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Kuck v. Danaher, 600 F.3d 159, 166 (2d Cir. 2010). However, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

Rather, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 678. Accordingly, legal conclusions must be supported by factual allegations. See Iqbal, 556 U.S. at 678. Those factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; accord Iqbal, 556 U.S. at 678-79.

Where, as here, a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570. A "plausible" entitlement to relief exists when the allegations in the complaint move the plaintiff's claims across the line separating the "conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." Id. at 557 n. 5; see also Iqbal, 556 U.S. at 679 ("only a complaint that states a plausible claim for relief survives a motion to dismiss"); accord Ruston v. Town Bd. for

- 5 -

The Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010).  Plausibility requires that the allegations in the complaint "raise a reasonable expectation that discovery will reveal evidence" in support of the claim.  Twombly, 550 U.S. at 556.  As is further discussed in Point V herein, the Complaint wholly fails to meet this standard.

**POINT I**

**PLAINTIFF HAS FAILED TO EXHAUST
HER ADMINISTRATIVE REMEDIES**

In order to maintain an action under Title VII, a plaintiff must, as a prerequisite to filing suit, have timely filed a complaint with the EEOC and obtained a right-to-sue letter.  See Legnani v. Alitalia Linee Aeree Italiane, S.P.A, 274 F.3d 683, 686 (2d Cir. 2001).  "Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII ... statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court."  Id.; see also Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC.").  If the EEOC complaint is not timely filed, a civil action is time-barred.  See Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir.1993), superseded by statute on other grounds, Civ. Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071.

Filing a timely charge with the EEOC or a state administrative agency is a prerequisite to bringing a Title VII suit in federal court.  See 42 U.S.C. §§ 2000e-5(e)(1).  To be timely, a charge must be filed within 180 days of the alleged discriminatory act in states that do not have local fair employment practices agencies.  See 42 U.S.C. § 2000e-5(1).  In states that do have such agencies, such as New York, a charge must be filed within 300 days of the alleged

- 6 -

discriminatory act.  See 42 U.S.C. § 2000e-5(3).  Failure to timely file an EEOC charge is

grounds for dismissal of the complaint.  "Although exhaustion of administrative remedies is a

waivable precondition to bringing a Title VII claim in federal court rather than a jurisdictional

requirement, exhaustion remains an 'essential element of Title VII's statutory scheme, ... and one

with which defendants are entitled to insist that Plaintiff's [sic] comply.'"  Gray, 2012 WL

947802 at *15, citing Francis v. City of New York, 235 F.3d 763, 768 (2d Cir.2000) (citation and

internal quotation marks omitted).  The purpose of the exhaustion requirement – namely, to

encourage settlement of discrimination disputes through conciliation and voluntary compliance –

would  be defeated if a plaintiff could litigate a claim not previously presented to the EEOC.  See

id. (citing Miller v. International Tel. & Tel., 755 F.2d 20, 26 (2d Cir.1985)).  Here, Plaintiff has

failed to allege that she filed a charge within 300 days of the acts referred to in the Complaint.

Accordingly, she has failed to plead compliance with the statutory prerequisites to bringing suit,

requiring the dismissal of the Complaint.  See Mudholkar v. University of Rochester, 2008 WL

213888 at *2-3 (2d Cir. Jan. 25, 2008) (affirming dismissal for failure to timely file EEOC

charge).

    Moreover, even if an EEOC charge is timely filed, a plaintiff in a Title VII litigation may

assert only claims either presented to an administrative agency or those that are reasonably

related to such claims.  See Ximines v. George Wingate High Sch., 516 F.3d 156, 158 (2d Cir.

2008).  It is clear that the claims in this action were never presented to the EEOC.  Plaintiff

alleges she filed only one EEOC charge, on or about July 9, 2010.  (Complaint ¶ III(4)).  That

charge does not mention the home invasions at issue in this lawsuit but rather, alleges that the

termination of Plaintiff's employment was due to unlawful discrimination.  Specifically, in the

EEOC charge, Plaintiff complains that she was terminated from employment with Defendant

- 7 -

because of her race, national origin and age.  In this action, however, Plaintiff claims that

Defendant has entered her home on a daily basis and stolen documentation she intended to use in

a prior lawsuit, documentation that appears – from its description in the Complaint – to be the

property of Defendant.  Accordingly, Plaintiff has failed to exhaust her administrative remedies

and the Complaint should be dismissed unless otherwise deemed as a matter of law to be

reasonably related to the earlier-filed EEOC charge.  (See e.g., Butts v. City of New York Dep't

of Hous. Pres. and Dev., 990 F.2d at 1402).

**POINT II**

**THE COMPLAINT OTHERWISE
WAS NOT TIMELY FILED**

Even if the EEOC charge did relate to the issues in this lawsuit, dismissal is still

mandated because the Complaint was not timely filed.  Title VII actions must be filed within 90

days of the receipt by the Plaintiff of a right-to-sue letter issued by the EEOC.  This action,

however, was filed more than six months after Plaintiff's receipt of her right to sue letter and

thus unquestionably is untimely.

In relevant part, 42 U.S.C. § 2000e–5(f)(1) provides:

> If a charge filed with the Commission pursuant to subsection (b) of
> this section is dismissed by the Commission, or if within one
> hundred and eighty days from the filing of such charge or the
> expiration of any period of reference under subsection (c) or (d) of
> this section, whichever is later, the Commission has not filed a
> civil action under this section or the Attorney General has not filed
> a civil action in a case involving a government, governmental
> agency, or political subdivision, or the Commission has not entered
> into a conciliation agreement to which the person aggrieved is a
> party, the Commission, or the Attorney General in a case involving
> a government, governmental agency, or political subdivision, shall
> so notify the person aggrieved *and within ninety days after the*
> *giving of such notice a civil action may be brought against the*

- 8 -

> *respondent named in the charge ... by the person claiming to be aggrieved....*

Id. (emphasis added). "The filing deadlines for a charge of discrimination act as a 'statute of limitations' and a failure to timely file a charge acts as a bar to a plaintiff's action." Concey v. New York State Unified Court Sys., 2011 WL 4549386 at *12 (S.D.N.Y. Sept. 30, 2011) (internal citations omitted); see also Guerra v. Jones, 2011 WL 1592028 at *18 (2d Cir. Apr. 28, 2011) (affirming dismissal of Title VII retaliation claims filed more than ninety days after receipt of right-to-sue letter).

Plaintiff alleges that the EEOC issued her a right-to-sue notice on December 20, 2011 (Complaint ¶ III(4)). There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir.1996) (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 & n. 1 (1984)). There is a further presumption that a mailed document is received three days after its mailing. See id. at 525. Thus, Plaintiff is presumed to have received her right-to-sue letter on December 23, 2011. She did not file this action until June 6, 2012, long after the ninety-day period for such filing had passed. Accordingly, there can be no question that the complaint is untimely, and must be dismissed.

## POINT III

### THE ENTIRE LITIGATION IS BARRED BY
### THE DOCTRINE OF RES JUDICATA

Even if Plaintiff had exhausted her administrative remedies and filed this action within the applicable statute of limitations, she still would not be able to maintain this action, as the Complaint is barred by the doctrine of res judicata. This is because the allegations in the

Complaint arise from the same series of transactions as did those in Burton I, in which a judgment on the merits was issued.

Under the doctrine of <u>res judicata</u>, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.'" <u>Maharaj v. Bankamerica Corp.</u>, 128 F.3d 94, 92 (2d Cir. 1997). Res judicata bars both issues actually decided in determining a claim in the first action and issues that could have been raised in the adjudication of that claim. <u>See</u> <u>Greenberg v. Board of Governors of the Fed. Reserve Sys.</u>, 968 F.2d 164, 168 (2d Cir. 1992); <u>see also</u> <u>Snyder v. Yonkers Pub. Sch. Dist.</u>, 315 F. Supp.2d 499, 502 (S.D.N.Y. 2004) ("A final judgment on the merits prevents a plaintiff from relitigating claims that were or *could have* been raised in a prior action against the same defendant where that action has reached a final judgment on the merits." (citing <u>Ciezkowska v. Grayline New York</u>, 2001 WL 1131990 at * 3 (S.D.N.Y. Sept. 24, 2001). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." <u>Ciezkowska</u>, 2001 WL 1131990 at * 3 (citing <u>L-Tec Electronics Corp. v. Cougar Elec. Org, Inc.</u>, 198 F.3d 85, 87-88 (2d Cir. 1992)).

"In New York, 'res judicata ... bars successive litigation [of all claims] based upon the same transaction or series of connected transactions ... if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." <u>Sheffield v. Sheriff of the Rockland Cty. Sheriff Dep't</u>, 2010 WL 3669628 at *2 (2d Cir. Sept. 22, 2010) (internal citation omitted). "New York courts apply a 'pragmatic test' to determine whether claims are part of the same transaction for res judicata purposes, examining 'whether the facts

- 10 -

are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" Id. (internal citation and quotation marks omitted).

Here, Burton's claims are barred by the dismissal of Burton I pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). First, there is no procedural bar to dismissal. It is well settled that the dismissal of an action with prejudice for failure to comply with discovery orders constitutes a judgment on the merits. See Nassar v. Isthmian Lines, 331 F.2d 124 (2d Cir. 1964); see also Synder, 315 F. Supp.2d at 502 (dismissing Title VII and constitutional claims that could have been brought in earlier litigation dismissed pursuant to Fed. R. Civ. P. 37 for failure to comply with discovery orders (citing Browning Debenture Holders' Comm. v. DASA Corp., 605 F.2d 35 (2d Cir. 1972)). In fact, Fed. R. Civ. P. 41(a)(2) specifically provides that "[i]f the plaintiff fails to comply with these rules [which includes Rule 37] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, the dismissal ... operates as an adjudication on the merits." Moreover, it is proper to raise res judicata challenges "via a motion to dismiss for failure to state a claim." Ciezkowska, 2001 WL 1131990 at * 3 (citing Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994)).

Second, it is clear that the facts in the Complaint are part of the same transaction or series of transactions as those alleged in Burton I, as they are related in time, space, origin and motivation. The claims in both cases emanate from Plaintiff's employment and the termination thereof. In both cases, Plaintiff alleges that she was subjected to retaliation by the same parties and due to the same motivation, i.e., her filing of the same July 9, 2010 EEOC charge. Plaintiff also makes the identical claim in both litigations that the retaliation took the form of the filing of the OPD complaint. As is further discussed in Point IV herein, that claim is further barred by the

- 11 -

doctrine of collateral estoppel, as it was actually and necessarily decided in the first proceeding, and Plaintiff had a full and fair opportunity to litigate the OPD issue in the first proceeding. See e.g., Klein v. City of N.Y., 2011 WL 5248169 (S.D.N.Y. Oct. 28, 2011).

While Plaintiff interposes new allegations of retaliation in this case, the addition of new manifestations of the same alleged retaliatory intent is no bar to the application of res judicata. See Sheffield, 2010 WL 3669628 at * 4 (holding that a federal court Title VII claim was barred by an earlier ruling in a hybrid Title VII/Article 78 state court action, despite the imposition of more specific allegations of conduct by the defendants in the federal action). Moreover, these new allegations relate directly to Burton I, as Plaintiff alleges that Defendant, in its daily thefts, stole evidence Plaintiff needed to prosecute that first litigation with the intent to hinder Plaintiff's ability to prosecute that first action. (Complaint III (6)-(10)).

Moreover, it is clear that the matters alleged in this case could have been litigated in the first action. Plaintiff became aware of the acts at issue in this litigation no later than May 27, 2011. (Complaint ¶ III(6)). Burton I was still pending at that time. Plaintiff could have sought permission to amend her complaint to add these new retaliation issues. The fact that Plaintiff had not exhausted her administrative remedies as to the allegations in the Complaint does not preclude the application of res judicata, as Plaintiff should have moved to amend her complaint. See Snyder 315 F. Supp.2d at 502 ("[plaintiff] should have amended her original complaint to include the Title VII claim within 90 days of receiving [the right to sue letter]") (finding res judicata barred second claim even though Plaintiff had not finished exhausting her administrative remedies); Pitts v. Onondaga Cty. Sheriff's Dep't, 2009 WL 3165551 at *5 (N.D.N.Y. Sept. 29, 2009) (dismissing a Title VII claim in a second action even though the plaintiff did not have a right to sue letter, where the first action was still before the court and noting that the plaintiff

- 12 -

could have moved for a stay pending the outcome of administrative proceedings); accord

Cieszkowska, 2001 WL 1131990 at *4.

As the issues in this case either were or could have been litigated along with the issues in

Burton I, res judicata should be applied to bar this litigation.

**POINT IV**

**CLAIMS REGARDING THE OPD COMPLAINT ARE ALSO
BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL**

The retaliation claim pertaining to OPD complaint is barred not only by the doctrine of

res judicata, but also by the doctrine of collateral estoppel, as it was fully decided in Burton I.

"Under federal law, collateral estoppel applies when (1) the identical issue was raised in a

previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding;

(3) the party had a full and fair opportunity to relitigate the issue; and (4) the resolution of the

issue was necessary to support a valid and final judgment on the merits." Purdy v. Zeldes, 337

F.3d 253, 258 (2d Cir. 2003) (internal quotation marks omitted).[1]

In Burton I, in which, as noted above, a judgment was issued on the merits, Plaintiff

raised the identical issue in regard to the OPD complaint that she raises in this litigation.

Specifically, in both litigations, Plaintiff alleged that Defendant filed a complaint with the Office

of Professional Discipline in retaliation for Plaintiff's filing of the July 9, 2009 EEOC charge.

(Complaint in Burton I ¶¶ III (7) and (9); Complaint,¶¶ II(II) (B) (4); (III) (4)-(5)).  The issue was

decided in Burton I when the Court dismissed the entire complaint on the merits.  Moreover,

even if it had not been expressly decided, that would not preclude the application of collateral

---

[1] Courts apply "federal law in determining the preclusive effect of a federal judgment ... and New York law in
determining the preclusive effect of a New York State court judgment[.]" Marvel Characters, Inc. v. Simon, 310
F.3d 280, 286 (2d Cir. 2002).

- 13 -

estoppel, as that doctrine is equally appropriate when an issue is decided by "necessary implication", as is the case here. Klein v. City of N.Y., 2011 WL 5248169 at *6 (S.D.N.Y. Oct. 28, 2011) (citing Weitzman Inst. of Science v. Neschis, 421 F. Supp.2d 654, 676 (S.D.N.Y. 2005) (quoting BBS Norwalk One, Inc., v. Raccolta, Inc., 117 F.3d 674, 677 (2d Cir. 1997)).

The party asserting collateral estoppel has the burden of establishing the requisite identity of the issues; if it meets this burden, the opposing party "must establish that it did not have a full and fair opportunity to litigate the issue in the prior proceeding." Id. (internal citation omitted). "A determination whether the first action or proceeding genuinely provided a full and fair opportunity requires consideration of the realities of the prior litigation, including the context and other circumstances which may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him. Id. (internal citation and quotation marks omitted).

Here, it is obvious that identity of the issues exist: Plaintiff alleges the very same retaliatory act and motivation in both lawsuits. Collateral estoppel should be applied, as the judgment was issued solely and specifically due to Plaintiff's repeated and deliberate refusal to comply with orders of this Court. Thus, it is clear that neither this Court nor the defendants in Burton I discouraged or deterred Plaintiff from or deprived her of the opportunity to fully litigate her claim of retaliation in that case; the dismissal arose from Plaintiff's own contumacious acts and after numerous warnings from this Court that dismissal would be the result should she continue to disobey court orders. See 11-CV-1417, Docket Entry # 78. As there is no barrier to the application of collateral estoppel to Plaintiff's OPD claim and application of that doctrine clearly is warranted, Plaintiff's OPD claim is not sustainable and should be dismissed.

- 14 -

## POINT V

## THE COMPLAINT FAILS TO ALLEGE FACTS
## <u>SUFFICIENT TO STATE A CAUSE OF ACTION</u>

The Complaint is also speculative, bereft of factual allegations and facially implausible. As noted above, in order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" (<u>Twombly</u>, 550 U.S. at 570) and that "raise a right to relief above the speculative level" (<u>Id</u>. at 555).

As noted above, "plausible" entitlement to relief exists when the allegations in the complaint move the plaintiff's claims across the line separating the "conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." <u>Id</u>. at 557 n. 5; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 679 ("only a complaint that states a plausible claim for relief survives a motion to dismiss"); <u>accord</u> <u>Ruston v. Town Bd. for The Town of Skaneateles</u>, 610 F.3d 55, 58-59 (2d Cir. 2010). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level. <u>Twombly</u>, 550 U.S. at 555 (citations and internal quotation marks omitted). Moreover, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id</u>. at 556-57 (internal citations omitted); <u>see also</u> <u>Ortiz v.</u> <u>City of N.Y.</u>, 755 F. Supp.2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly give rise to an entitlement of relief.") (internal quotation marks omitted).

- 15 -

The Complaint wholly fails this test. There are no factual allegations that allow a court to draw the inference that Defendant is liable for the home invasions and computer hacking that are at the center of this litigation or otherwise plausibly give rise to an entitlement of relief. In fact, as to the invasions and hacking, there are no factual allegations at all, just conclusions. Moreover, not only does Plaintiff fail to recite facts tying Defendant to the acts complained of in the Complaint, she has already asserted that other parties are responsible for the very same acts. Specifically, in 11-CV-5318 filed with this Court, Plaintiff alleged that the Department of Veterans Affairs and other defendants in that litigation have also engaged in "terroristic" home invasions, theft of case documents and personal property and computer hacking. (See 11-CV-5318 Docket Entry # 54, attached to the Kantor Affirmation at Exhibit "B.")

As the Complaint is bereft of factual support and is nothing more than pure speculation, it wholly fails to raise a reasonable expectation that discovery will reveal evidence supporting Plaintiff's allegations that Defendant invaded her home and hacked into her computer on a daily basis. As there are no allegations that move Plaintiff's claims across the line separating the conclusory from the factual, and the factually neutral to the factually suggestive, as is required in order to survive a motion to dismiss, the Complaint, which is essentially nothing more than conclusory allegations, must be dismissed.

### POINT VI

### PLAINTIFF HAS FAILED TO ALLEGE THE ELEMENTS NECESSARY TO PLEAD A TITLE VII RETALIATION CLAIM

Even if the Complaint managed to overcome all of these hurdles, dismissal still would be warranted, because the Complaint fails to state an actionable claim for retaliation under Title VII. In order to set forth a prima facie case of retaliation, a plaintiff must show that: (1) she engaged

- 16 -

in protected activity; (2) the employer was aware of the protected activity; (3) the employer took

adverse action; and (4) a causal connection exists between the protected activity and the adverse

action.  See Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir. 1998).  The requisite causal

connection can be established indirectly by showing that the protected activity was closely

followed by discrimination, or directly by showing evidence of a discriminatory animus.

Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993) (internal citation omitted).

Direct evidence of retaliation may consist of "'conduct or statements by persons involved in the

decision making process that may be viewed as directly reflecting the alleged [retaliatory]

attitude.'"  Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913 (2d Cir.1997) (citing Ostrowski

v. Atlantic Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir.1992)).

 Here, the Complaint does not cite to any direct evidence.  Neither does it recite facts

which, if true, would establish that the protected activity was closely followed by discrimination.

In order to draw an inference based solely on such timing, the temporal proximity of the

protected acts and the alleged retaliation must be "very close."  Clark County Sch. Dist. v.

Breeden, 532 U.S. 268, 273 (2001).  In the Complaint, Plaintiff alleges the passage of more than

a ten-month period of time between the July 9, 2010 filing of the EEOC charge (Complaint ¶ III

(4)) and the May 27, 2011 discovery of the alleged home invasions (Complaint ¶ III (6)).  This is

too long a time frame to support an inference of retaliation.  The Second Circuit has found a

three-month gap between an employee's protected activity and the employer's alleged retaliation

to be too distant to establish a causal nexus.  See Hollander v. American Cyanamid Co., 895 F.2d

80, 85-86 (2d Cir.1990).  Moreover, "district courts within the Second Circuit have consistently

held that the passage of two to three months between the protected activity and the adverse

employment action does not allow for an inference of causation."  Gray v. City of N.Y., 2011

- 17 -

WL 6153635 at *12 (E.D.N.Y. Dec. 12, 2011) (citing Murray v. Visiting Nurse Servs. of N.Y., 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) (collecting cases)). As Plaintiff has not pled facts that would support the finding of the requisite causal connection, her retaliation claims, other than that pertaining to the OPD complaint, fail to state a claim for retaliation and must be dismissed.

## CONCLUSION

Based upon the above, it is evident that the Complaint completely fails to state any litigable cause of action. Accordingly, Defendant respectfully requests that its motion be granted in its entirety.

Dated: Jericho, N.Y.
      May 4, 2012

**NIXON PEABODY LLP**

By: /s/ Alesia J. Kantor

Tara Eyer Daub
Alesia J. Kantor
50 Jericho Quadrangle,  Suite 300
Jericho, New York  11753-2728
(516) 832-7500

*Attorneys for Defendant Silvercrest Center*
*for Nursing and Rehabilitation*

- 18 -