UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANN BURTON,

                Plaintiff,

       -against-                            **MEMORANDUM AND ORDER**

SILVERCREST CENTER FOR NURSING        11-CV-2757 (SLT)(LB)
AND REHABILITATION, MARIE MITCHELL,
and DARLENE WEITZMAN,

                Defendants.
------------------------------------------------------------------x
**TOWNES, United States District Judge:**

       Plaintiff Ann Burton, proceeding *pro se*, brings this action against one of her former employers, Silvercrest Center for Nursing and Rehabilitation ("Silvercrest") and two of its employees, Marie Mitchell and Darlene Weitzman, principally alleging that these defendants retaliated against her for filing charges against them with the U.S. Equal Employment Opportunity Commission ("EEOC"). In a prior memorandum and order, this Court construed plaintiff's complaint as raising only Title VII retaliation claims and dismissed the action against the two employees, noting that individuals cannot be liable for retaliation under Title VII. *Burton v. Silvercrest Ctr. for Nursing and Rehab.*, No. 11-CV-2757 (SLT)(LB), 2011 WL 5546068 (E.D.N.Y. Nov. 14, 2011). The only remaining defendant, Silvercrest, now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Title VII retaliation claims on various grounds. For the reasons set forth below, Silvercrest's motion is granted but plaintiff is granted leave to amend her complaint as detailed below.

*BACKGROUND*

       The following facts are drawn from plaintiff's complaint dated May 31, 2011, and filed June 6, 2011 (the "Complaint"), the allegations of which are assumed to be true for purposes of this memorandum and order. Plaintiff is a black woman, who was 57 years old at the time this

action was commenced. Complaint at 3. For some time prior to mid-March 2010, plaintiff was employed as a nurse by the Department of Veterans Affairs ("DVA"). *Id*. at 5. During her employment with the DVA, plaintiff also worked for Silvercrest on an intermittent or per diem basis. *Id*.

On March 19, 2010, plaintiff was terminated by the DVA. Two days later, she was hired full-time by Silvercrest. *Id.* On May 27, 2010, however, Silvercrest terminated plaintiff, alleging that plaintiff had engaged in professional misconduct. *Id.*

On July 9, 2010, plaintiff filed a charge of discrimination with the EEOC relating to the latter termination. *Id*. On December 20, 2010, the EEOC issued plaintiff a right-to-sue letter and on March 21, 2011, plaintiff commenced an employment discrimination action in this Court against Silvercrest, Mitchell and Weitzman. Although the Complaint does not contain any allegations concerning this prior action – *Burton v. Silvercrest Ctr. for Nursing and Rehab*., Docket No. 11-CV-1417 (SLT)(LB) (hereafter, "*Silvercrest I*") – this Court will take judicial notice of certain facts relating to that case which are central to Silvercrest's *res judicata* and collateral estoppel claims in this action.

***The Prior Action***

The complaint in *Silvercrest I* principally alleged employment discrimination in connection with plaintiff's May 27, 2010, termination. However, the complaint also alleged that defendants had retaliated against plaintiff for bringing a charge with the EEOC by, among other things, filing a complaint with the New York State Education Department, Office of Professional Discipline, which accused plaintiff of professional misconduct. While the complaint in *Silvercrest I* stated that the defendants reported plaintiff to the State Education Department "on or about November 9, 2010," Complaint in *Silvercrest I* at 6, a letter attached to that complaint

2

as Exhibit 6 implied that the defendants reported plaintiff before that date. That letter – addressed to plaintiff, signed by Senior Investigator Glenn Francis of the State Education Department, and dated November 9, 2010 – informed plaintiff that the Office of Professional Discipline was "conducting an investigation into allegations . . . of professional misconduct pertaining to [plaintiff's] practice of Nursing," and invited plaintiff to attend an interview with Francis.

Discovery in *Silvercrest I* was contentious. Magistrate Judge Lois Bloom ("Judge Bloom") conducted several conferences and issued numerous orders in an effort to make plaintiff comply with her discovery obligations, but to no avail. In early November 2011, the defendants moved to dismiss the action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. In a Memorandum and Order dated December 7, 2011, this Court referred defendants' motion to Judge Bloom for a report and recommendation.

In early February 2012, Judge Bloom issued her report and recommendation, in which she recounted her extensive efforts to make plaintiff comply with discovery orders and to complete her deposition and recommended that this Court dismiss *Silvercrest I* pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. *Burton v. Silvercrest Ctr. for Nursing & Rehab.*, No. 11-CV-1417 (SLT)(LB), 2012 WL 1243126 (E.D.N.Y. Feb. 3, 2012). Although Judge Bloom advised plaintiff that she had 14 days in which to file objections to the report and recommendation and warned her that failure to object would result in waiver of further judicial review, *id.* at *6, plaintiff never filed any objections. Accordingly, in a memorandum and order dated April 9, 2012, and filed April 12, 2012, this Court adopted Judge Bloom's report and recommendation and dismissed *Silvercrest I* pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). *Burton*

3

*v. Silvercrest Ctr. for Nursing & Rehab.*, No. 11-CV-1417 (SLT)(LB), 2012 WL 1243123 (E.D.N.Y. Apr. 12, 2012).

*The Instant Action*

On June 6, 2011 – less than two weeks after defendants filed their answer in *Silvercrest I* and before the discovery issues developed – plaintiff filed the Complaint in this action. The Complaint alleges the same retaliation referenced in *Silvercrest I*, stating that "defendants reported plaintiff to the N.Y.S. Office of Professional Discipline for misconduct." Complaint at 5-6. Like the complaint in *Silvercrest I*, the Complaint specifically alleges that this action constituted "retaliation," and was meant "to deter plaintiff's exercise of rights." *Id.* at 6. However, the Complaint alleges that the reporting took place on July 19, 2010 – only ten days after the filing of plaintiff's EEOC charge – and not "on or about November 9, 2010," as alleged in the complaint in *Silvercrest I*.

The Complaint also alleges that defendants engaged in "computer hacking" and invaded plaintiff's residence to pilfer evidence relating to *Silvercrest I*. Plaintiff's pleading does not elaborate on the hacking allegation or specify when it began, stating only that "[d]efendants subjected plaintiff to a daily hostile work environment of computer hacking." *Id*. The Complaint also does not state precisely when the home invasion(s) occurred, but states that plaintiff first noticed that her property was missing on May 27, 2011. *Id.*

The Complaint also does not expressly allege that the home invasion(s) and computer hacking were retaliatory. Rather, the Complaint states that the hacking and pilferage was "an attempt to conceal the truth and to justify wrongful termination, and hinder plaintiff's civil rights." *Id*. The Complaint identifies various documents that were allegedly stolen, including "all patient care notes from October 2004 - 2007," all of plaintiff's "March 21, 2010 hire date,

4

patient care notes from employment notebook for said date," "several pages of documentary evidence from plaintiff's notebooks detailing computer hacking," and "plaintiff's Orientation 'Fall Assessment' protocol document." *Id.* at 6-7.

### *The Prior Memorandum and Order*

Since the *pro se* plaintiff requested permission to proceed *in forma pauperis*, this Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  In a memorandum and order dated November 10, 2011, and filed November 14, 2011 (the "Prior M&O"), this Court noted, *inter alia*, that the section of the Complaint entitled, "Basis for Jurisdiction," did not cite to any provisions of the United States Constitution or to any federal statutes.  *Burton v. Silvercrest Ctr. for Nursing & Rehab.*, No. 11-CV-2757 (SLT)(LB), 2011 WL 5546068, at *1 (E.D.N.Y. Nov. 14, 2011).  However, "this section stated that defendants violated unspecified 'Constitutional rights,' 'treated similarly situated defendants who did not engage in protected activity differently . . . than plaintiff,' and retaliated against plaintiff for 'filing an EEOC Complaint' and for exercising 'rights . . . guaranteed under the U.S. Constitution, including the 1st and 4th Amendments.'" *Id.*  (quoting Complaint at 4).

Construing the Complaint liberally, this Court held that the pleading suggested three possible claims:  (1) violations of the Fourth Amendment, (2) violations of the Equal Protection Clause and (3) retaliation for filing an EEOC complaint and exercising her rights under the federal Constitution.  *Id*. at *2.  This Court held that the first two of the three were not valid bases for subject-matter jurisdiction in this case and, accordingly, construed the Complaint as raising only Title VII retaliation claims.  *Id.* at *2.  The Court then dismissed the claims against defendants Mitchell and Weitzman, holding that these individuals could not be liable for retaliation under Title VII.  *Id.* at *3.

5

*Silvercrest's Motion to Dismiss*

Defendant Silvercrest now moves to dismiss plaintiff's retaliation claims on six separate grounds. First, Silvercrest argues that plaintiff's retaliation claims are unexhausted because they were not raised in the July 9, 2010, EEOC charge. In support of this argument, Silvercrest provides a copy of the July 9, 2010, charge, asserting that it is incorporated into the Complaint by reference. Second, Silvercrest argues that even if the EEOC charge mentioned retaliation, this action was untimely because it was not filed within 90 days of the EEOC's issuance of a right-to-sue notice. In its third and fourth points, Silvercrest asserts that plaintiff's retaliation claims are barred by the doctrines of *res judicata* and collateral estoppel. Finally, in its fifth and sixth points, Silvercrest argues that the Complaint fails to allege facts sufficient to state a cause of action or to make out the elements of a Title VII retaliation claim.

Plaintiff has not opposed Silvercrest's motion. Nonetheless, this Court will review the record to determine whether there are sufficient bases for granting the motion. *See*, *e.g*., *Kinlaw v. Walsh*, 10 Civ. 7539 (RMB)(JLC), 2012 WL 2548437, at *1 (S.D.N.Y. Jun. 29, 2012) (reviewing record when considering defendants' unopposed motion to dismiss *pro se* plaintiff's complaint); *Bhatia v. Connecticut, Dept. of Children & Families*, No. 3:06 CV 1749 (MRK), 2007 WL 1033465 (D.Conn. Apr. 3, 2007) (same), *aff'd*, 317 Fed. Appx. 51 (2d Cir. 2009) (summary order). For ease of analysis, this Court will consider the *res judicata* and collateral estoppel arguments first, then address the arguments raised in the fifth and sixth points of Silvercrest's motion. Finally, this Court will briefly discuss the administrative exhaustion arguments raised in the first two points of the motion to dismiss.

## DISCUSSION

### *Standard of Review*

In considering a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See*, *e.g.*, *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir.2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a party does not nudge his claims across the line from conceivable to plausible, the complaint must be dismissed. *See id.*

Because "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," *see Cortec Indus., Inc. v. Sum Holding L.P*, 949 F.2d 42, 47 (2d Cir. 1991) (internal citation omitted), materials outside the four corners of the complaint are "generally not considered on a motion to dismiss unless the court treats it as one for summary judgment, giving all the parties a reasonable opportunity to present relevant evidence under Rule 56." *Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, No. 03-CV-6233 (JBW), 2004 WL 1533831, at *2 (E.D.N.Y. July 9, 2004). However, a court can consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc.*, 949 F.2d at 47-48).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### *Res Judicata and Collateral Estoppel*

This Court first addresses Silvercrest's third and fourth points, which assert that this action is barred by *res judicata* and collateral estoppel. *Res judicata* – also known as "claim preclusion" – and collateral estoppel – also known as "issue preclusion" – are judicially created doctrines that "protect parties from having to relitigate identical claims or issues and . . . promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998) (citing *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir.1998)). Although both *res judicata* and collateral estoppel are affirmative defenses, "it is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds on a Rule 12(b)(6) motion." *Sassower v. Abrams*, 833 F.Supp. 253, 264 n. 18 (S.D.N.Y.1993) (citing cases).

The doctrine of *res judicata* provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the

claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000) (citing cases).

"Generally a dismissal of an action under Rule 37 [of the Federal Rules of Civil Procedure] is considered a judgment on the merits." *Bay Fireworks, Inc. v. Frenkel & Co., Inc.*, 359 F. Supp. 2d 257, 262 (E.D.N.Y. 2005) (citing *Nasser v. Isthmian Lines*, 331 F.2d 124, 127 (2d Cir. 1964)). Indeed, "[t]he Second Circuit has squarely held that when a first action is dismissed for failure to comply with discovery orders and a second action is brought on the same claim, by the same plaintiff that claim should be barred." *Snyder v. Yonkers Pub. Sch. Dist.*, 315 F. Supp. 2d 499, 502 (S.D.N.Y. 2004) (citing *Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35 (2d Cir. 1978)).

In this case, any retaliation claims arising from Silvercrest's decision to report plaintiff's alleged misconduct to the State's Office of Professional Discipline is barred by *res judicata*. Plaintiff raised this same retaliation claim in *Silvercrest I* – an action which involved the exact same parties as this action. That claim was dismissed on the merits on April 9, 2012, when this Court adopted Judge Bloom's report and recommendation and dismissed *Silvercrest I* pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Accordingly, plaintiff cannot relitigate that same retaliation claim in this case.[1]

---

[1] It is possible – if unlikely – that the report of professional misconduct referenced in the Complaint in this action differs from the report alleged in *Silvercrest I*. The Complaint in this case alleges that defendants "reported plaintiff to the N.Y.S. Office of Professional Discipline" on July 19, 2010, Complaint at 6, while the complaint in *Silvercrest I* alleges that defendants filed a complaint with the "New York State Education Department, Office of Professional Discipline," "on or about November 9, 2010." Complaint in *Silvercrest I* at 6. However, because the July 19, 2010, filing pre-dated the commencement of *Silvercrest I*, the retaliation claim arising from the July 19, 2010, filing could, and should, have been raised in *Silvercrest I*.

9

In contrast, any retaliation claims arising from the alleged home invasion(s) are not barred by *res judiciata*. "[W]hen the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). As the Second Circuit explained:

> [I]f, after the first suit is underway, a defendant engages in actionable conduct, plaintiff may – but is not required to – file a supplemental pleading setting forth defendant's subsequent conduct. Plaintiff's failure to supplement the pleadings of his already commenced lawsuit will not result in a *res judicata* bar when he alleges defendant's later conduct as a cause of action in a second suit.

*Id.*

The Complaint in this case specifically alleges that plaintiff did not learn of the alleged home invasion(s) until May 27, 2011, more than two months after the commencement of *Silvercrest I*. Although plaintiff could have filed a supplemental pleading in *Silvercrest I* alleging the home invasion(s), she was not required to do so. *See id.*

Similarly, this Court cannot find that any retaliation claims arising from the alleged "computer hacking" are barred by *res judicata*. Plaintiff's Complaint alleges that the hacking took place "daily," Complaint at 6, but does not specify when it commenced. Since it is possible that some of the hacking took place after the commencement of *Silvercrest I*, this Court cannot find that these allegations of retaliation are barred by *res judicata*.

Any retaliation claims arising from the home invasion(s) or computer hacking are also not precluded by collateral estoppel. "[C]ollateral estoppel, or issue preclusion, . . . 'bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding if that party had a full and fair opportunity to litigate the issue in

the prior proceeding . . . .'" *Monahan*, 214 F.3d at 284, n. 5 (quoting *Metromedia Co. v. Fugazy*, 983 F.2d 350, 365 (2d Cir. 1992)) (brackets and first set of ellipses added). "Collateral estoppel is permissible as to a given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) (internal quotation marks omitted).

To be sure, the complaint in *Silvercrest I* alleged retaliation. However, that pleading made no mention of home invasion(s) or computer hacking. Accordingly, plaintiff is not collaterally estopped from advancing retaliation claims relating to alleged home invasion(s) or computer hacking in this action.

*The Failure to State Retaliation Claims*

While the doctrines of *res judicata* and collateral estoppel may not bar plaintiff from raising retaliation claims relating to her claims of home invasion(s) and computer hacking, the allegations in the Complaint in this action are insufficient to make out those claims. The Complaint conclusorily alleges that "Defendants" invaded plaintiff's home and pilfered certain documents and that "Defendants" subjected her to computer hacking on a daily basis. However, the Complaint does not allege any facts to suggest that Silvercrest was responsible for this "pilferage" or hacking and does not specifically allege that Silvercrest undertook these actions in retaliation for plaintiff's exercise of her rights.

This Court seriously doubts whether plaintiff can allege such facts. This Court takes judicial notice of the fact that plaintiff has previously attributed this same misconduct to other parties whom plaintiff has named as defendants in other actions brought before this Court. For

example, in *Burton v. U.S. E.E.O.C.*, No. 11-CV-4074 (SLT)(LB), 2011 WL 4344154 (E.D.N.Y. Sept. 12, 2011), this Court noted:

> Plaintiff's prior actions have been brought against her former employers, her union, an employment agency, and individuals associated with these defendants. Although these actions have principally alleged employment discrimination, they have also alleged that various individuals have entered her apartment, removed and returned documents and other items, hacked her computer, and otherwise harassed her, allegedly in retaliation for previous complaints she had filed. Prior to filing this action, plaintiff had not alleged who was responsible for these nefarious acts. However, plaintiff alleges in this action that these acts are at least partly attributable to the United States Equal Employment Opportunity Commission (the "EEOC").

*Id*. at *1. Similarly, on March 23, 2011, plaintiff filed a "Motion to Submit an Addendum" to the amended complaint in *Burton v. Shinseki*, No. 10-CV-5318, in which she alleged that the defendants in that case had stolen plaintiff's copy of her "initial complaint" in that action and "carried out additional theft and damage" to plaintiff's property. *Burton v. Shinseki*, No. 11-CV-2030 (SLT)(LB), 2011 WL 2490991, at *1 (E.D.N.Y. Jun. 22, 2011).

Nonetheless, in recognition of plaintiff's *pro se* status and in an abundance of caution, this Court will grant plaintiff leave to amend her complaint to attempt to allege retaliation claims relating to the alleged home invasion(s) and computer hacking. In her amended complaint, however, plaintiff cannot rely on "mere conclusory statements," *see Iqbal*, 556 U.S. at 678, but must allege sufficient facts "to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. Specifically, plaintiff must allege facts to support her allegations of home invasion(s) or computer hacking, to at least suggest that Silvercrest was somehow responsible for this misconduct, and to support any assertion that these action were taken in retaliation for plaintiff's exercising her rights. Unless plaintiff can allege facts to nudge her remaining

retaliation claims "across the line from conceivable to plausible," this action will be dismissed. *See id.*

***Exhaustion of Administrative Remedies***

Before deciding to amend her complaint, plaintiff should first consider whether any retaliation claims she seeks to raise have been administratively exhausted and whether the claims are timely. "A plaintiff may bring an employment discrimination action under Title VII . . . only after filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'" *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (ellipses added) (quoting 42 U.S.C. § 2000e-5(e)). In New York, which has both state and local fair employment agencies, an individual who initially files a grievance with the state or local agency must file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred," or within 30 days after receiving notice that the state or local agency has terminated the proceeding, whichever is earlier. *See* 42 U.S.C. § 2000e-5(e)(1). If a charge is filed solely with the EEOC, it must be filed within 180 days after the alleged unlawful employment practice occurred. *Id.* These time periods begin to run from the date when the employee received notice of the discriminatory action. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996).

Although exhaustion of administrative remedies is a waivable precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement, exhaustion remains an "essential element of Title VII's statutory scheme, . . . and one with which defendants are entitled to insist that plaintiffs comply." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (citation and internal quotation marks omitted). The purpose of the exhaustion

requirement – namely, to encourage settlement of discrimination disputes through conciliation and voluntary compliance – would be defeated if a plaintiff could litigate a claim not previously presented to the EEOC. *See Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 26 (2d Cir. 1985). However, the Second Circuit has recognized that in three situations "where claims not alleged in an EEOC charge are sufficiently related to the allegations in the charge[,] . . . it would be unfair to civil rights plaintiffs to bar such claims in a civil action." *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993) (brackets and ellipses added). First, the Second Circuit has "allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n. 10 (2d Cir.1978)). Second, the Second Circuit has not required administrative exhaustion of claims "alleging retaliation by an employer against an employee for filing an EEOC charge." *Id.* (citing cases). Third, administrative exhaustion is not required "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Id.* (citing *Almendral v. N.Y. State Office of Mental Health*, 743 F.2d 963, 967 (2d Cir. 1984)).

In this case, the Complaint specifically alleges that defendants reported plaintiff to the State Office of Professional Discipline on July 19, 2010, in retaliation for plaintiff's filing an EEOC charge on July 9, 2010. This particular retaliation claim fits squarely within the second situation identified in *Butts*. Accordingly, plaintiff did not need to file a second EEOC charge to exhaust this retaliation claim. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 687-88 (2d Cir. 2001).

However, as noted on p. 11, *ante*, the Complaint does not specifically allege that the home invasion(s) or the computer hacking were in retaliation for the filing of the July 9, 2010, EEOC charge. Unless plaintiff can make and substantiate such an allegation, or establish that any retaliation claims relating to the home invasion(s) and computer hacking fit within one of the other situations identified in *Butts*, those retaliations claims may be barred for failure to exhaust administrative remedies. *See*, *e.g.*, *Hoffman v. Williamsville Sch. Dist.*, 443 Fed.Appx. 647, 650 (2d Cir. 2011) (summary order) (retaliation claim "not reasonably related to the allegations in the Charge because nothing in the Charge provided the EEOC adequate notice to investigate possible retaliation").

## *CONCLUSION*

For the reasons set forth above, defendant Silvercrest's motion to dismiss the Complaint is granted. Plaintiff's Title VII retaliation claim arising from Silvercrest's decision to report plaintiff's alleged misconduct to the State Office of Professional Discipline is barred by *res judicata*. In addition, plaintiff's Complaint does not state a Title VII retaliation claim with respect to home invasion(s) and computer hacking. However, in light of plaintiff's *pro se* status, the Court will grant plaintiff 30 days from the date of this Memorandum and Order in which to amend her complaint to attempt to allege Title VII retaliation claims relating to the alleged home invasion(s) and computer hacking.

If, after considering the exhaustion issues discussed at pp. 13-15, *ante*, plaintiff elects to file an amended complaint, that pleading must be captioned as an "AMENDED COMPLAINT" and bear docket number "11-CV-2757 (SLT)(LB)." That amended complaint, which will completely replace the original Complaint, must allege facts to support plaintiff's allegations of

home invasion(s) or computer hacking, to suggest that Silvercrest was somehow responsible for this misconduct, and to suggest that these actions were taken in retaliation for plaintiff's exercising her rights.  If plaintiff fails to file an amended complaint within 30 days from the date of this Memorandum and Order, judgment shall be entered against her.

**SO ORDERED.**

                                                   /S/
                                         SANDRA L. TOWNES
                                         United States District Judge

Dated: March 29, 2013
       Brooklyn, New York