UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANN BURTON,

      Plaintiff,

  -against-            **ORDER**

SILVERCREST CENTER FOR NURSING    11-CV-2757 (SLT)(LB)
AND REHABILITATION, MARIE MITCHELL,
and DARLENE WEITZMAN,

      Defendants.
----------------------------------------------------------------x
**TOWNES, United States District Judge:**

  In June 2011, plaintiff Ann Burton, proceeding *pro se*, brought this action against one of her former employers, Silvercrest Center for Nursing and Rehabilitation ("Silvercrest"), and two of its employees, Marie Mitchell and Darlene Weitzman, principally alleging that these defendants retaliated against her for filing charges against them with the U.S. Equal Employment Opportunity Commission. In a memorandum and order dated November 10, 2011, and filed November 14, 2011, this Court construed plaintiff's complaint as raising only Title VII retaliation claims and dismissed the action against the two employees, noting that individuals cannot be liable for retaliation under Title VII. *Burton v. Silvercrest Ctr. for Nursing & Rehab.*, No. 11-CV-2757 (SLT)(LB), 2011 WL 5546068 (E.D.N.Y. Nov. 14, 2011). Thereafter, the only remaining defendant, Silvercrest, moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Title VII retaliation claims on various grounds.

  In a memorandum and order dated and filed March 29, 2013, the Court granted Silvercrest's motion to dismiss the Complaint. *Burton v. Silvercrest Ctr. for Nursing & Rehab.*, No. 11-CV-2757 (SLT)(LB), 2013 WL 1346308 (E.D.N.Y. Mar. 29, 2013). However, in light of plaintiff's *pro se* status, the Court granted plaintiff leave to amend her complaint to attempt to

allege certain Title VII retaliation claims. *Id.* The memorandum and order specifically warned plaintiff that judgment would be entered against her if she failed to file the amended complaint within 30 days from the date of the memorandum and order. *Id.* at *9.

More than a year has passed since this Court issued the second memorandum and order, but plaintiff has yet to file an amended complaint. Accordingly, the Clerk of Court is directed to enter judgment against plaintiff and in favor of defendant and to close this case.

**SO ORDERED.**

/s/(SLT)

SANDRA L. TOWNES
United States District Judge

Dated: April 15, 2014
Brooklyn, New York

2